[Civ. No. 33079.   Second Dist., Div. Four.   June 25, 1969.]

EDWARD H. DE NOYELLES. Plaintiff and Respondent, v. WILLIAM L. THORNBURGH et al., Defendants and Appellants.

Herbert Hafif for Defendants and Appellants.

Jaffee, Mallery, Thompson, Talbott & Lemaster and Graham W. Talbott for Plaintiff and Respondent.

KINGSLEY, J.—Plaintiff is the lessee and defendant Thomas Thornburgh is the lessor[1] under a lease of a suite of rooms in a business building located in Pomona, California. The lease was for the purpose of conducting in the demised premises the business of "Bail Bonds and Insurance Adjusting." Among other provisions, the lease—a printed form in common use in this area—contained the following provision:

"8. Lessee shall not conduct or permit to be conducted any sale by auction on said premises. Lessee shall not place or

---

[1] The action originally was against both William and Thomas Thornburgh and the "Barrister Building." At the opening of trial it was stipulated that all rights and liabilities under the lease were vested in Thomas Thornburgh as an individual. Hereinafter we refer to him as the defendant.

permit to be placed any sign, marquee or awning on the front of said premises without the written consent of lessor; lessee upon request of lessor, shall immediately remove any sign or decoration which lessee has placed or permitted to be placed in, on, or about the front of the premises which, in the opinion of lessor, is objectionable or offensive, and if lessee fails so to do, lessor may enter said premises and remove the same. Lessor has reserved the exclusive right to the exterior sidewalls, rear wall and roof of said premises, and lessee shall not place or permit to be placed upon said sidewalls, rear wall or roof, any sign, advertisement or notice without the written consent of lessor.''

Plaintiff placed on the inside of the front window of the premises a neon sign advertising his bail bond business. Defendant objected and plaintiff brought the instant action for declaratory relief to determine whether or not his sign violated the quoted provision of the lease. Defendant cross-complained for his attorney fees and costs, relying on the provisions of paragraph 16 of the lease.[2] The trial court found in favor of plaintiff and entered judgment as follows:

''The sign advertising the Plaintiff's Bail Bond business is not in violation of the Lease Agreement between the parties herein and there is no estoppel, the latter being inconsistent with the parties' said contractual intention.

''The question of the intrinsic character of the sign not being raised, there is no present controversy in that respect, estoppel relative thereto is moot, and the court has no jurisdiction to rule.

---

[2] ''16. If lessor is made a party defendant to any litigation concerning this lease or the leased premises or the occupancy thereof by lessee, then lessee shall hold harmless lessor from all liability by reason of said litigation, including reasonable attorneys fees and expenses incurred by lessor in any such litigation, whether or not any such litigation is prosecuted to judgment. If lessor commences an action against lessee to enforce any of the terms hereof or because of the breach by lessee of any of the terms hereof, or for the recovery of any rent due hereunder, or for any unlawful detainer of said premises, lessee shall pay to lessor reasonable attorneys fees and expenses, and the right to such attorneys fees and expenses shall be deemed to have accrued on the commencement of such action, and shall be enforceable whether or not such action is prosecuted to judgment. If lessee breaches any term of this lease, lessor may employ an attorney or attorneys to protect lessor's rights hereunder, and in the event of such employment following any breach by lessee, lessee shall pay lessor reasonable attorneys fees and expenses incurred by lessor, whether or not an action is actually commenced against lessee by reason of said breach.''

Defendant does not contend that he is entitled to relief under the quoted language unless he prevails in the main action.

''On the Cross Complaint: judgment for cross defendant.

''Each party is to bear his own costs.

''DATED: 10/27/67

''PFAU

''Glenn M. Pfau

''Judge Pro Tem of the Superior Court''

The record contains a great deal of evidence bearing on the issue of whether or not defendant had consented (although not in writing) to the sign in question and whether or not, since he had made no formal demand for its removal until after it had been in place for two years, he was estopped now to object. ■ Since we agree with the trial court that the sign was not one for which the lease required plaintiff to seek or obtain permission, we concur with the trial court that a finding on the issue of consent and estoppel is not required. It is also clear from the record, as the trial court determined, that there was not shown to have been any objection by the lessor to the form or style of the sign, so that no issue as to lessor's rights, if any, under the last clause of the second sentence of paragraph 8 is before us.·

■ It is true, as appellant says, that, since there was no extrinsic evidence interpreting the contract language, we are not bound by the trial court's interpretation. (*Parsons* v. *Bristol Dev. Co.* (1965) 62 Cal.2d 861 [44 Cal.Rptr. 767, 402 P.2d 839].) However, exercising our independent judgment, we arrive at the same result as did the trial court.

■ We note, first, that the draftsman has carefully distinguished between the ''front'' of the building, to which the second sentence of paragraph 8 is directed, and the ''sidewalls, rear wall and roof,'' to which the third sentence of that paragraph is directed. It follows that the provisions of that third sentence are not herein involved, since admittedly the sign in question was at the front, and not at the side or rear of the building.

Secondly, we note that the draftsman has, again, carefully distinguished between the signs, marquees and awnings ''on'' the front of the building, from the signs or decorations placed ''in, on or about'' the front of the building. As to the former, the lessor's permission was required in advance; as to the latter, the lessor had only a right to seek the removal of signs or decorations which the lessee had previously installed and

which lessor found to be "objectional or offensive." As we have said above, the case at bench does not involve any attempt by the lessor to exercise any right under this latter clause[3] and we do not determine whether or not he could successfully invoke it.

It seems to us that the first clause of the second sentence—on which alone defendant may here rely—relates only to "signs" which, like marquees and awnings, are fastened to the outside of the structure and project outward from it. Not only does the traditional canon of construction—*ejusdem generis*—lead in that direction, but so do practical considerations. A sign attached to the outside of the structure necessarily involves some damage to the exterior, affects the architectural appearance of the building as such, and involves a possibility of danger to passers-by; but a sign placed "in" the front of the building, observable from the outside but not projecting into it, creates no danger to a passer-by, does not affect the architectural lines of the structure and is much less likely to involve any damage to the building itself. That, we conclude, underlies the distinction in the language of the lease: if a lessee desires to interfere with the exterior of the structure, by attaching something to it, he must first seek and secure the written consent of the lessor; but if he merely places his signs *inside* the building, to be observed from outside, he may proceed at will, subject only to the risk that his decorative taste may so far offend the landlord as to lead to a demand for the modification or removal of the sign.

Since the sign in question was "in" and not "on" the front of the premises, it follows that it was not one whose installation required the prior permission of the lessor and, therefore, that the judgment of the trial court, on the sole issue presented to it, was correct.

The judgment is affirmed.

Files, P. J., and Jefferson, J., concurred.

---

[3]Counsel for appellant has inveighed with some passion against the electrical features of the sign. But no such complaint was made the basis of the lessor's demand for its removal, nor was that ground urged on the trial court. The point, whatever its validity in some other lawsuit, is not available here.